**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **BRUCE WALKER, #M-40804,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-00758-MJR** |
| | ) | |
| **JACQUELINE LASHBROOK,** | ) | |
| **SUZANN BAILEY,** | ) | |
| **DIRECTOR OF IDOC,** | ) | |
| **MARK HARTMAN,** | ) | |
| **MARCUS HARDY, and** | ) | |
| **COMMISSARY OWNER (SWANSON'S),** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Bruce Walker, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that the Illinois Department of Corrections' ("IDOC") soy-based diet for prisoners violates his rights under the Eighth and Fourteenth Amendments. He also claims that all of the named Defendants acted in a conspiracy to establish and maintain a policy of serving a soy diet with the end goal of pocketing large profits. In connection with these claims, Plaintiff sues Jacqueline Lashbrook (Pinckneyville warden), Suzann Bailey (food service administrator), unnamed IDOC director, Mark Hartman (counselor/advocate), Marcus Hardy (deputy director of IDOC) and Pinckneyville's commissary owner (hereinafter "Swanson's") for monetary damages and injunctive relief.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief.  28 U.S.C. § 1915A(b).

<u>**The Complaint**</u>

Plaintiff brings a number of claims in his Complaint, all related to the provision of a soy diet (Doc. 1, pp. 5-6). According to the Complaint, the Defendants adopted a policy to administer a primarily soy-based diet as a way to pocket large profits, despite knowing that it caused serious medical repercussions for inmates. (*Id.* at 6-7). As a result of the diet, Plaintiff claims he has developed severe constipation, fatigue, severe stomach pains, loss of circulation, and extremely bad gas (*Id.* at 6-7). Cellmates have attacked him on multiple occasions for the bad gas (*Id.* at 7). He claims that, despite him and other inmates having lodged countless grievances with the IDOC, the Defendants have failed to take any action (*Id.* at 5-7).

Plaintiff also alleges that all of the aforementioned actions were taken by the Defendants in furtherance of a conspiracy to save money by serving soy instead of animal products, to drive up business at the commissary and to pocket the profits from the savings and the commissary sales (*Id.* at 5-6). Specifically, he notes that the IDOC officials participated by implementing the soy diet, that the medical staff participated by refusing care for soy-related ailments, that the counselors participated by interfering with grievances and that the commissary owners participated by telling inmates to buy more food from the commissary (*Id.*). Plaintiff also alleges

that the commissary prices on popular items were often raised higher than they should have been under prison rules or policies (*Id.*).

In response to verbal complaints, Hartman and Lashbrook have told him to stop complaining (*Id.* at 6). A commissary owner told him to buy more food from the commissary rather than eating at chow (*Id.* at 7). He has not received responses to written complaints directed at the IDOC Director, Bailey, Hardy, or Swanson's (*Id.*).

### Discussion

Based on the allegations, the Court finds it convenient to divide the *pro se* Complaint into the following enumerated claims. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

| | |
|---|---|
| **Count 1:** | Eighth Amendment claim against Defendants for endangering Plaintiff's health by serving him a soy diet; |
| **Count 2:** | Conspiracy claim against Defendants for the soy diet; and, |
| **Count 3:** | Fourteenth Amendment claim against Defendants for failing to respond to grievances regarding the soy diet. |

Count 1 shall receive further review against those defendants who are identified below in connection with that claim. All remaining claims, including Counts 2 and 3, shall be dismissed for failure to state a claim upon which relief may be granted.

### Count 1

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. U.S. CONST., amend. VIII; *see also Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010). Prison conditions that deprive inmates of basic human needs, such as inadequate nutrition, health, or safety, may constitute cruel and unusual punishment. *Rhodes v. Chapman*,

452 U.S. 337, 346 (1981); s*ee also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). Prison officials also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842, 847 (1994).

At this early stage, the Complaint suggests that Plaintiff suffered serious side effects from the overconsumption of soy in his diet and that the Defendants knew of the risks of the diet. Plaintiff alleges that the soy diet has caused him severe stomach pain and gas, a loss of circulation, fatigue, and extreme constipation. Plaintiff claims that Defendants Lashbrook, Bailey, unnamed IDOC director, Hartman, and Hardy participated in designing and implementing the soy diet despite known ill-effects. He wrote to Defendants unnamed IDOC director, Bailey, Hardy and Swanson's about his symptoms, and verbally informed Lashbrook and Hartman of such repercussions, but received no substantive responses. The Complaint suggests that these individuals may have responded to Plaintiff's complaints regarding the issues associated with a soy diet with deliberate indifference. Therefore, Count 1 shall proceed against Defendants Lashbrook, Bailey, Hartman, and Hardy.

However, the Complaint may not proceed against unnamed IDOC director because a State entity or individual acting in their official capacity on behalf of the State is immune from suit. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); s*ee also Wynn v. Southward*,

251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages). Even if the unnamed IDOC director acted in his or her supervisory capacity, there is no supervisory liability under section 1983, so the claim against he or she would still fail. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Thus, Count 1 will be dismissed with prejudice against the unnamed IDOC director.

Additionally, the Complaint states no claim against Defendant Swanson's. A corporate entity will incur liability in a civil rights action only where it established a policy that directly caused the constitutional violation. *See Woodward v. Corr. Med. Serv. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004). In the Complaint, Plaintiff does not allege that Swanson's was responsible for the policy of providing Plaintiff with a soy diet. Therefore, Count 1 shall be dismissed against Swanson's without prejudice.

In summary, Plaintiff may proceed with **Count 1** against Defendants Lashbrook, Bailey, Hartman, and Hardy; however, Count 1 shall be dismissed with prejudice against the unnamed IDOC director and Swanson's.

## Count 2

Count 2 alleges a conspiracy amongst all the Defendants to offer a soy-based diet in order to save the institution money and to generate revenue through commissary purchases. Plaintiff alleges that Defendants Lashbrook, Bailey, unnamed IDOC Director, Hartman, and Hardy all participated in adopting and implementing the soy diet.

Count 2 does not survive preliminary review because the Complaint offers insufficient allegations in support of this claim. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*,

430 F.3d 805, 810 (7th Cir. 2005) (citations omitted). "To establish the existence of a conspiracy, a plaintiff must demonstrate that the conspirators have an agreement to inflict injury or harm upon him." *Sow v. Fortville Police Dept.*, 636 F.3d 293, 304-05 (7th Cir. 2011). "The agreement may be inferred from circumstantial evidence, but only if there is sufficient evidence that would permit a reasonable jury to conclude that a meeting of the minds had occurred and that the parties had an understanding to achieve the conspiracy's objectives." *Id.* at 305 (citation omitted). The Plaintiff's mention of a conspiracy is insufficient, even at the early pleadings stage, to satisfy basic pleading requirements under Federal Rule of Civil Procedure 8 or *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (requiring a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face"). The factual allegations do not support a conspiracy claim against Defendants, based on their issuance of a soy diet. Plaintiff provides no basic outline as to when the soy diet plan was created or implemented, who attended the meetings leading to its inception, or what the precise terms were prior to implementation.

Further, the Complaint also fails to articulate a viable conspiracy claim against Defendants for allegedly implementing a soy diet in order to generate revenue in the prison's commissary. Conspiracy is not an independent basis of liability in Section 1983 actions. *See Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008); *Cefalu v. Vill. of Elk Grove*, 211 F.3d 416, 423 (7th Cir. 2000). "There is no constitutional violation in conspiring to cover up an action which does not itself violate the Constitution." *Hill v. Shobe*, 93 F.3d 418, 422 (7th Cir. 1996).

The Complaint alleges that the purpose of this particular "conspiracy" is to force inmates to purchase food at the commissary. In other words, this scheme is allegedly aimed at taking prisoners' money. However, Plaintiff did not allege that his money was taken *without due process of law.* Even if the Complaint so alleged, there is no cognizable civil rights claim if the

state provides an adequate legal remedy. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILL. COMP. STAT. 505/8 (1995). Because this state remedy is available, Plaintiff cannot maintain a constitutional claim for any deprivation of his money as a result of the Pinckneyville soy diet policy. Where there is no underlying constitutional claim for this "deprivation," there is likewise no viable civil rights claim for a "conspiracy" to deprive inmates of their funds. Thus, **Count 2** shall be dismissed without prejudice for failure to state a claim upon which relief may be granted.

## Count 3

The Complaint refers to the Fourteenth Amendment but does not explain why. To the extent that Count 3 arises from Defendants' failure to respond to Plaintiff's grievances, it is subject to dismissal. Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause *per se*. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Put differently, the fact that Defendants may have ignored Plaintiff's grievances does not give rise to a due process claim against them. Moreover, Plaintiff is not harmed by the dismissal of this Count, because he is still able to proceed against the Defendants via Count 1. Accordingly, Count 3 is dismissed with prejudice as to all Defendants.

**Pending Motions**

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is hereby **GRANTED in part** as to Defendants **Lashbrook, Bailey, Hartman, and Hardy,** and **DENIED** as to **Defendants unnamed IDOC director** and **Commissary Owner (Swanson's)**.

**Disposition**

**IT IS ORDERED** that **COUNT 1** is **DISMISSED** with prejudice against **Defendants unnamed IDOC director and Swanson's** for failure to state a claim upon which relief may be granted. **COUNT 2 is DISMISSED** in its entirety without prejudice for failure to state a claim upon which relief may be granted. **COUNT 3** is also **DISMISSED** in its entirety with prejudice against all Defendants for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 1** shall receive further review against Defendants **LASHBROOK, BAILEY, HARTMAN and HARDY**. With respect to **COUNT 1,** the Clerk of Court shall prepare for **DEFENDANTS LASHBROOK, BAILEY, HARTMAN AND HARDY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 4). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give

security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 12, 2016**

<u>s/ MICHAEL J. REAGAN</u>
**U.S. District Judge**